# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 20, 2013 Session

## STATE OF TENNESSEE v. TAMMY KAY SCOTT, ALIAS

### Appeal from the Criminal Court for Knox County
### No. 96100      Jon Kerry Blackwood, Judge

---

### No. E2012-02734-CCA-R3-CD - Filed December 16, 2013

---

The defendant, Tammy Kay Scott, alias, was convicted by a Knox County Criminal Court jury of possession of less than 200 grams of a Schedule II controlled substance with intent to sell and possession of less than 200 grams of a Schedule II controlled substance with intent to deliver, Class C felonies. The trial court merged the convictions and sentenced the defendant to five years of probation after service of thirty days. On appeal, the defendant argues that the trial court erred in denying the motion to suppress her statement as it was obtained in violation of her right to counsel. After review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

A. Philip Lomonaco, Knoxville, Tennessee, for the appellant, Tammy Kay Scott, alias.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Kenneth F. Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Prior to trial, the defendant filed a motion to suppress her statement to the police, arguing that police officers continued to question her after she requested a lawyer; thus, her statement was obtained in violation of her right to counsel.

At the suppression hearing, the defendant testified that she worked at Smurfit-Stone for six and a half years before she was injured on the job. After her injury, she was prescribed Roxicodone and Oxycodone. The defendant recalled that on January 27, 2010, she and her live-in boyfriend of many years, Arlie Sherlin, were at home when she "heard someone hit the house" and thought they were being robbed. What turned out to be several police officers executing a search warrant burst their way into the defendant's home, shouting expletives at her and Sherlin. One of the officers, Officer Ramsey, used "vulgar language" and told her that she had to help them or she was "going down." The defendant "gave [Officer Ramsey] names," but when he explained that she would have to wear a wire and go into people's homes, she said, "That's risking my life. I'd rather not do that." The defendant claimed that she said to Officer Ramsey, "I think I need an attorney," and he responded, "Oh. You said the magic word." She said that another officer entered the room and asked if she had said "the magic word," and Officer Ramsey said that she had.

The defendant testified that she told Officer Ramsey that she did not want to go to jail, and he responded, using profanity, that they would help her if she helped them. She said that these conversations, including when she mentioned an attorney, all happened prior to the tape recorder being turned on. She stated that Officer Ramsey turned on the tape recorder for her statement, in which she gave names of other people. She also told the officers that she had sold a couple of her pills.

Arlie Sherlin testified to the events of January 27, 2010, when the police entered his and the defendant's home. He recalled that when he and the defendant were in the living room talking to the officers, the defendant said, "I think I need a lawyer," and Officer Ramsey said, "Well, you said the magic word[.]" Sherlin recalled that another officer entered the room and asked whether the defendant had said "the magic word," and Officer Ramsey replied that she had.

Officer James Ramsey with the Knox County Sheriff's Office testified that he and approximately ten other officers executed a search warrant at the defendant's residence on January 27, 2010. Officer Ramsey denied that the defendant ever said, "I might need a lawyer," or asked for a lawyer in any other manner. Officer Ramsey also denied making the statement that the defendant had "said the magic words." He denied knowing what the phrase "magic words" meant.

In its order denying the defendant's motion to suppress, the trial court did not accredit Officer Ramsey's testimony and noted that the officer's "appearance and demeanor [o]n the witness stand was one of mockery and disdain." The court accredited the defendant's testimony and found that she had said, "I think I need a lawyer," prior to making incriminating statements on the audio recording. Even though the court determined that the

defendant made the statement, it found that the statement was not "an unequivocal and unambiguous assertion of her right to counsel" and for that reason denied the defendant's motion to suppress.

## ANALYSIS

The defendant argues that the trial court erred in denying her motion to suppress. Relying on State v. Turner, 305 S.W.3d 508 (Tenn. 2010), the defendant asserts that once she made a request for an attorney, albeit an equivocal request, *prior* to being advised of her Miranda rights, Officer Ramsey was required to limit his questioning to clarifying whether she actually wished to invoke her right to counsel.

On appeal, a trial court's findings of fact regarding a motion to suppress are conclusive unless the evidence preponderates against them. State v. Reid, 213 S.W.3d 792, 825 (Tenn. 2006) (citing State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001)). Any question about the "credibility of witnesses, the weight and value of the evidence, and a resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The party prevailing at the suppression hearing is afforded the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998). Thus, unless the defendant demonstrates that "the evidence preponderates against the judgment of the trial court, this court must defer to the ruling of the trial court." Reid, 213 S.W.3d at 825 (citing State v. Cribbs, 967 S.W.2d 773, 795 (Tenn. 1998)). However, the application of the law to the facts found by the trial court is a question of law and is reviewed *de novo*. See State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). Whether a suspect's request for counsel is equivocal or unequivocal is a mixed question of law and fact that is ultimately subject to *de novo* review. State v. Climer, 400 S.W.3d 537, 556 (Tenn. 2013).

The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The corresponding provision of the Tennessee Constitution states "[t]hat in all criminal prosecutions, the accused . . . shall not be compelled to give evidence against himself." Tenn. Const. art. I, § 9. Thus, to be admissible at trial, a confession made while under custodial interrogation must be shown to have been freely and voluntarily given, after the defendant's knowing waiver of his constitutional right to remain silent and to have an attorney present during questioning. See Miranda v. Arizona, 384 U.S. 436, 444 (1966).

When a suspect makes an unequivocal request for an attorney, all interrogation must cease unless the suspect himself initiates further conversation with the police. See Edwards

v. Arizona, 451 U.S. 477, 484-85 (1981). However, an invocation of the right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." Davis v. United States, 512 U.S. 452, 459 (1994) (quoting McNeil v. Wisconsin, 501 U.S. 171, 178 (1991)). In other words, the suspect's request for an attorney must be stated "sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Id. "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," questioning need not cease nor must an officer clarify the suspect's intention regarding invocation of the right to counsel. Id.

Less than two weeks before the defendant submitted his brief in this case, our supreme court released its decision in Climer, 400 S.W.3d 537, overruling its decision in Turner, 305 S.W.3d 508, which was the entire basis for the defendant's argument. In Turner, the court distinguished pre- and post-Miranda equivocal requests for counsel and held, "Where . . . a suspect makes an equivocal request for counsel *prior* to waiving Miranda rights, the police are limited to questions intended to clarify the request until the suspect either clearly invokes his right to counsel or waives it." Id. at 519. However, in Climer, the court extinguished the distinction between pre- and post-Miranda requests for counsel in light of the United States Supreme Court's decision in Berghuis v. Thompkins, 560 U.S. 370 (2010), and held that an officer was not limited to asking only clarifying questions when a suspect made an equivocal invocation of his right to counsel. 400 S.W.3d at 561-62. The court stated, "[W]hen determining whether a suspect has invoked the right to counsel . . ., Tennessee courts must apply the Davis standard, regardless of the timing of the suspect's alleged invocation of the right. The pre-waiver/post-waiver distinction drawn in Turner has been abrogated by Berghuis." Id. at 562 (footnote omitted).

The defendant appears to concede that her statement about counsel was an equivocal request for an attorney. Moreover, numerous decisions of our courts indicate that the defendant's request was equivocal. See, e.g., State v. Saylor, 117 S.W.3d 239, 243-44 (Tenn. 2003) ("I'm supposed to have a lawyer though, don't I?" and "I might need a lawyer"); State v. Michael James Bell, No. E2008-01499-CCA-R3-CD, 2010 WL 3612751, at *24 (Tenn. Crim. App. Sept. 17, 2010) ("I think I need to talk to a lawyer," "I think I need a lawyer," and "I might need a lawyer"), perm. app. denied (Tenn. Feb. 16, 2011); State v. Adam Sanders, No. M2005-02185-CCA-R3-CD, 2006 WL 3516210, at *8 (Tenn. Crim. App. Dec. 6, 2006) ("I guess I need a lawyer, don't I?"); see also Davis, 512 U.S. at 462 ("Maybe I should talk to a lawyer"). Because the defendant made an equivocal request for counsel when she said, "I think I need an attorney," and officers were not required to cease questioning or limit questions to clarifying the defendant's intent, the trial court properly denied the defendant's motion to suppress.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

ALAN E. GLENN, JUDGE